```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>CARLOS APONTE-SOBRADO [2],<br>JOSE VIZCARRONDO-CASANOVA [6],<br>ERIK DIAZ-COLON [11],<br><br>**Defendants**. | **CRIMINAL NO.** 09-228 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On August 15, 2011, former Assistant U.S. Attorney Antonio R. Bazan ("Bazan") was commanded to appear before the Court and bring "[a]ny and all related memoranda, documents or reports of investigation generated by you or where you sign off in any capacity that are in your possession in relation to the autopsy of Ellis Manuel Andrades-Telleria." (Docket No. 663.) The government filed a motion to quash the subpoena on August 25, 2011. (Docket No. 675.) Defendant Jose Vizcarrondo-Casanova ("Vizcarrondo") filed a motion in opposition to the government's motion to quash on September 1, 2011. (Docket No. 693.) For the reasons set forth, the government's motion to quash the subpoena is **DENIED**.

**DISCUSSION**

The government has moved to quash the subpoena on the basis that it is overly broad and "lacks the specificity required by the Touhy regulations." (Docket No. 675 at 4.) The Court addresses the government's argument regarding the Touhy regulations first, and then proceeds to the argument regarding whether defendant's subpoena request passes the legal standard articulated in United States v. Nixon, 418 U.S. 683 (1974).

**A.   The Touhy Regulations**

The government insists that the Touhy regulations, codified in Title 28 of the Code of Federal Regulations, §§ 16.21 *et seq.*, provide grounds for the Court to quash defendant's subpoena. While the regulations do govern the "production or disclosure" of "material contained in the files of the Department [of Justice]", the regulations are directed primarily at providing "guidance for the internal operations of the Department of Justice", so that disclosure requests are centrally consolidated and streamlined within the Department. 28 C.F.R. § 16.21 *et seq.*, see also United States ex rel. Touhy v. Ragen, 340 U.S. 462, 467 (1951) (finding that "a refusal by a subordinate of the Department of Justice to submit papers to the court in response to its subpoena duces tecum on the ground that the subordinate is prohibited from making such

submission by his superior" was valid and proper.)  In fact, nothing in the language of these regulations makes reference to the Department's ability to withhold evidence against a court order when a subpoena has been appropriately issued by a party defendant.

The government alleges that defendant's subpoena request fails to meet the "specificity required by the Touhy regulations" (Docket No. 675 at 4), and cites the following language:

> "If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."

28 C.F.R. § 16.23(c). This section of the statute simply requires the party seeking testimony to provide a "summary of the testimony sought" "to the Department attorney" and makes no reference to any required level of specificity. Id. The defendant's attorney in this case has complied with this regulation. (Docket No. 675-2.) The government's characterization of the letter as "a futile attempt to comply with the requirements of 28 C.F.R. § 16.23" is unsupported by the text of the statute. Thus, the Court finds that

the Touhy regulations do not prohibit disclosure of the subpoenaed materials.

**B.   The Nixon Standard**

Under United States v. Nixon, a party requesting a subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity" of the subpoenaed materials.  418 U.S. at 699-700.  As to the relevancy requirement, there must be a "sufficient likelihood" that the subpoenaed evidence is "relevant to the offenses charged in the indictment."  Id.  There must also be a "sufficient preliminary showing" that the subpoenaed material "contains evidence admissible with respect to the offenses charged in the indictment."  Id. at 701.  Finally, a subpoena request may not be so unreasonable or oppressive for a producing party as to constitute "merely a fishing expedition to see what may turn up."  Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951).

In support of its allegation that defendant's subpoena request fails the Nixon test, the government cites to numerous cases in which a court quashed a subpoena due to its lack of specificity. The situations in those cases, however, differ significantly from the subpoena request before the Court.  Defendant Vizcarrondo maintains that the subpoena request would be relevant to the following issues:  (1) the alleged need for the government to

modify, amend, or ask for a new "autopsy report to confirm its [sic] theory of the events", (2) the government's involvement in the medical examiner's conclusion in the autopsy report, and (3) potential impeachment material for the pathologist who testified that there was only one autopsy report. (Docket No. 693 at 2-6.)  The government counters that the sole purpose of the subpoenaed testimony would be to impeach a witness, and thus it lacks "substantive value."  (Docket No. 675 at 5, FN 2.)  In the present case, however, "there are other valid potential evidentiary uses for the same material."  Nixon at 701.

The subpoenaed materials are clearly relevant to the offenses charged in the indictment; they speak directly to the cause of the victim's death, and are therefore material to the defendants' guilt or innocence.  Under Federal Rule of Evidence 401, relevant evidence simply "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  As a threshold matter, the evidence is also admissible, and the government has made no arguments regarding its

admissibility under Fed.R.Evid. 402.[1]  The subpoena request, which directs Mr. Bazan, who was the lead prosecutor in the case until he retired in December 2010 (Docket No. 693 at 2), to appear in Court to testify and bring "any and all related memoranda, documents or reports of investigation generated by you or where you sign off on in any capacity that are in your possession in relation to the autopsy of Ellis Manuel Andrades Telleria" (Docket No. 663), is also not overly "broad or unreasonable or oppressive."  Bowman Dairy Co., 341 U.S. at 220.  Unlike the cases cited by the

---

[1] Rule 402 of the Federal Rules of Evidence reads:

    All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

government,[2] defendant's subpoena request is directed specifically at Mr. Bazan and focuses on the discreet issues of the preparation of, government involvement in, and knowledge of the autopsy report. Further, the request is based on e-mail conversations disclosed to the defense between Mr. Bazan and various case agents regarding the autopsy report and the cause of death of the victim. (Docket No. 693 at 2-3.) Finally, defendant Vizcarrondo alleges that "Mr. Bazan has not been available to be deposed or formally interviewed by the defense." Id. at 8. Accordingly, at this stage of the proceedings, the Court finds that the defendant's subpoena seeks evidence that is relevant, admissible, and sufficiently

---

[2] United States v. Leonard, 817 F.Supp. 286, 295 (E.D.N.Y. 1992) (quashing defendant' subpoena duces tecum where defendant sought, in part, "virtually every DEA document relating to [defendant]" who "has had dealings with the DEA for over fifteen years."); United States v. Noriega, 764 F.Supp. 1480, 1492-94 (S.D. Florida 1991) (holding that government's subpoena of defendant's prison-recorded conversations prior to the time they are to be offered in evidence was improper as the prosecution "simply hoped to find something of possible value which might bolster its case against [defendant]."); United States v. Moore, No. 92 CR 200, 1992 WL 266938, at *1-2 (E.D.N.Y. Sept. 29, 1992) (quashing subpoena because it was "not sufficiently specific" where movant requested "all documents memoranda, notes, reports and other materials generated by investigators under Investigation No. 161/91 initiated on the complaint of [movant]."); United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996) (finding that defendant's subpoenas that "were directed toward a hospital and various Government agencies [and] were primarily designed to uncover documents relating to the mental health of certain prosecution witnesses" were "based on nothing but sheer speculation" and lacked specificity.)

specific.  The government's motion to quash the subpoena is **DENIED**.  Defendant's motion for an evidentiary hearing to rule on the issue is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 9, 2011.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge
